J-S74042-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :      IN THE SUPERIOR COURT OF
                                :            PENNSYLVANIA
           Appellee            :
                                  :
             v.                 :
                                  :
PATRICK JOSEPH LAVELLE,         :
                                  :
           Appellant        :    No. 1565 EDA 2014

Appeal from the Order Entered May 2, 2014
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002757-2013

BEFORE:  BENDER, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED JANUARY 23, 2015**

Patrick Joseph Lavelle (Appellant) appeals from the order denying his motion to amend the portion of his sentence that awarded $1,587.05 in restitution to Ryan Kia.  For the reasons set forth below, we reverse and remand for further proceedings.

The trial court set forth the relevant facts of this case as follows.

> On March 31, 2013, [Appellant] was arrested and charged with indecent assault, unlawful restraint, simple assault, and recklessly endangering another person, Robia Comer, a sales associate employed by Ryan Kia. The matter proceeded to trial, at which the victim, Ms. Comer, testified that on March 30, 2013, [Appellant] appeared at the automobile dealership to test drive a Kia Soul. She got into the passenger seat and proposed a test drive route. [Appellant] proceeded in a normal manner, but once he passed a supermarket he began speeding up faster and faster, making numerous left and right turns and dipping down little streets. He instructed her that he was going to take her to a "special place." He then removed his hand from the stick shift, placed it on her knee, and began sliding it up her leg. She brushed his hand away two times. In response to her admonition

---

* Retired Senior Judge assigned to the Superior Court.

that they should go back to the dealership, he turned up the radio volume, told her to be quiet, and then drove up a street near the municipal building. The car coasted into a parking spot near an automobile parts store and then "just stopped" or "died." He exited the vehicle and then came around to the passenger door, but she locked all of the doors of the car. He ran away, and she telephoned her manager and her husband. Her manager called the police, who then arrived and took a statement.

On September 12, 2013, the jury found [Appellant] not guilty of the charges of indecent assault and recklessly endangering another person and guilty of the charge of unlawful restraint. On November 26, 2013, [the trial court] sentenced [Appellant] to a term of incarceration of 364 days to 729 days followed by one year of probation. In addition, it ordered [Appellant] to pay restitution to Ryan Kia in the amount of $1,587.05. [Appellant] filed a Motion for Reconsideration of Sentence, which [the trial court] denied on December 5, 2013.

On December 23, 2013, [Appellant] filed a Notice of Appeal. …

On April 21, 2014, [Appellant] filed a Motion to Amend Order of Restitution in which he asserted that the restitution order was illegal because Ryan Kia was not the "victim" within the meaning of 18 Pa.C.S. § 1106. [The trial court] denied that motion.

Trial Court Opinion, 7/30/14, at 1-2 (citations and unnecessary quotation marks omitted).

While his direct appeal was pending before this Court, Appellant filed a notice of appeal from the trial court's denial of his motion to amend the order of restitution.[1]  The trial court ordered Appellant to file a statement of

---

[1] On October 16, 2014, a panel of this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Lavelle**, 70 EDA 2014 (Pa. Super. filed October 14, 2014) (unpublished memorandum).

errors complained of on appeal pursuant to Rule of Appellate Procedure 1925(b), and one was filed. On appeal, Appellant reiterates his claim that the trial court erred in sentencing him to pay restitution in this matter because Ryan Kia is not a victim in this case as contemplated by 18 Pa.C.S. § 1106(c).[2] Appellant's Brief at 10-12.

We consider Appellant's argument mindful of the following.

In the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence. An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.

*Commonwealth v. Stradley*, 50 A.3d 769, 771–72 (Pa. Super. 2012) (citations and quotation marks omitted).

The statute provides, in relevant part, as follows.

### § 1106. Restitution for injuries to person or property

(a) **General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value

---

[2] We have jurisdiction over this appeal. As this Court recently explained in *Commonwealth v. Gentry*, 101 A.3d 813 (Pa. Super. 2014), the plain language of the restitution statute permits a defendant to seek a modification of an existing restitution order at any time. *See also* 18 Pa.C.S. § 1106(c)(3) (stating, "[t]he court may, at any time or upon the recommendation of the district attorney ... alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order[ ]").

substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S. § 1106(a).

"Victim" is defined as "(1) A direct victim, (2) A parent or legal guardian of a child who is a direct victim, except when the parent or legal guardian of the child is the alleged offender, (3) A minor child who is a material witness to any of the following [enumerated offenses], [and] (4) A family member of a homicide victim … except where the family member is the alleged offender." 18 P.S. § 11.103.[3] A "direct victim" is "[a]n individual against whom a crime has been committed or attempted and who as a direct result of the criminal act or attempt suffers physical or mental injury, death or the loss of earnings under this act. The term shall not include the alleged offender[.]" *Id.*

---

[3] As this our Supreme Court has explained

[i]n [**Commonwealth v.**] **Lebarre**, [961 A.2d 176 Pa. Super. 2008), a panel of this Court] concluded that the definition of 'victim' in the Crime Victims Act applies to Section 1106 restitution, through a general cross-reference to a repealed Administrative Code provision in 18 Pa.C.S. § 1106(h) (defining 'victim' for purposes of restitution by referring to section 479.1 of Administrative Code of 1929, 71 P.S. § 180–9.1). The repealed provision indicates generally that its subject matter, 'which related to rights of and services for crime victims,' is now located in the Crime Victims Act, 18 P.S. § 11.101 *et seq.*

**Commonwealth v. Hall**, 80 A.3d 1204, 1214 n. 5 (Pa. 2013) (some citations omitted).

The trial court addressed Appellant's issue as follows.

Although the "crime" of "unlawful restraint" was "committed" against Robia Comer, during the course of that crime the vehicle was commandeered by [Appellant] and Ms. Comer was held captive within the vehicle's tight confine precisely by means of the defendant's reckless and ultimately damaging driving. **Further, [Appellant] also committed property crimes against Ryan Kia. These include Criminal mischief, 18 Pa.C.S. § 3304; Robbery of Motor Vehicle, 18 Pa.C.S. 0702; Unauthorized use of automobiles and other vehicles, 18 Pa.C.S § 3928; and Theft by unlawful taking or disposition, 18 Pa.C.S § 3921. The fact that the Commonwealth did not choose to charge [Appellant] with these offenses is irrelevant. [Appellant] committed a crime against the car's owner, which is entitled to restitution.**

Trial Court Opinion, 7/30/2014, at 3-4 (emphasis added).

We disagree. As our Supreme Court has noted, "it is well established that the primary purpose of restitution is rehabilitation of the offender by impressing upon him or her that his criminal conduct caused the victim's loss or personal injury and that it is his responsibility to repair the loss or injury as far as possible." *Commonwealth v. Brown*, 981 A.2d 893, 895-96 (Pa. 2009) (citations and footnotes omitted). Where, as here, the court imposes restitution as a direct sentence and not as a condition of probation, our courts have determined that restitution is appropriate "only as to loss caused by the very offense for which [the defendant] was tried and convicted." *Commonwealth v. Cooper*, 466 A.2d 195, 197 (Pa. Super. 1983).

As noted, Appellant was convicted of the unlawful restraint of Robia Comer. Stated plainly, Ryan Kia is not the victim of that crime.[4, 5] **See Commonwealth v. Langston**, 904 A.2d 917, 923-24 (Pa. Super. 2006) (holding that "[w]hile reality dictates that the victim's parents were, in fact, victimized when their son was killed by [Langston's] criminal act, they are not victims as provided for by our legislature in the Crimes and Sentencing Codes."). We find the trial court's attempt to create a nexus between alleged damage to the vehicle and Appellant's ultimate conviction for a crime against a named individual to be tenuous at best.

Moreover, it is not, as the trial court suggests, immaterial for the purposes of section 1106 that Appellant was not charged with property crimes. The crimes for which Appellant **was** charged did not require the Commonwealth to submit proof of any property damage to the fact-finder.

---

[4] Unlawful restraint, is defined, in relevant part, as follows.

> **(a) Offense defined.--** Except as provided under subsection (b) or (c), a person commits a misdemeanor of the first degree if he knowingly:
>
> > (1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury[.]

18 Pa.C.S. § 2902(a).

[5] We are cognizant that statute contemplates payment of restitution to entities other than the direct victim, such as the Crime Victim's Compensation Board, various government agencies and insurance companies; however, Ryan Kia does not fall into those limited categories.

The plain language and stated purpose of the restitution statute does not support a sentence of restitution under these circumstances.

Based on the foregoing, we conclude the trial court erred when it denied Appellant's motion, as the imposition of restitution in this matter constitutes an illegal sentence. Accordingly, the trial court's May 2, 2014 order is reversed, and the case is remanded for further proceedings, consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2015