J-S21014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COURTNEY PITTS, | |
| Appellant | No. 552 EDA 2014 |

Appeal from the Judgment of Sentence January 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CR-51-CP-0002318-2011, CR-51-CP-0012208-2008, CR-51-CP-0012256-2008

BEFORE: BOWES, JENKINS, and PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 10, 2015**

Courtney Pitts appeals from the judgment of sentence of two to five years incarceration with a three year probationary tail that was imposed following the revocation of his probation. We affirm.

The trial court succinctly summarized the relevant facts and procedural history.

> On November 13, 2008, appellant pleaded guilty to two counts of possession with intent to deliver a controlled substance (PWID) before the Honorable Joan Brown, in exchange for concurrent sentences of 6-23 months incarceration followed by 2 years probation. On April 8, 2009, a bench warrant was issued for appellant for a potential direct violation. . . . Sometime thereafter, Judge Brown relinquished jurisdiction, and appellant was entered into the Mental Health Court program. The open matter and the potential violations were consolidated before this Court. On October 13, 2011, appellant pleaded guilty to aggravated assault before this Court which represented a direct violation of Judge Brown's probation. Probation was revoked and appellant was sentenced to an aggregate sentence of 11½ - 23 months incarceration followed by 7 years probation. As is the

---

* Retired Senior Judge assigned to the Superior Court.

protocol in mental health court, regular status hearings were scheduled to closely monitor appellant's progress. Initially, appellant was in compliance with his program. However, at the May 31, 2012, status listing, it was reported that appellant had been involved in a physical dispute with his girlfriend and admitted having used drugs, which resulted in appellant receiving an essay sanction instead of a violation. At the July 19, 2012 status listing, it was reported that, on July 10, 2012, appellant was taken into custody after he tested positive for drugs six consecutive times between May 25, 2012 and July 10, 2012. At the August 9, 2012 listing, in lieu of being violated, appellant received a "time in" sanction and was ordered to comply with his treatment team. On October 12, 2012, appellant was taken into custody pursuant to a bench warrant after appellant's sister filed a report with appellant's probation officer alleging that appellant had assaulted her. A hearing was scheduled to present witnesses to substantiate the allegations. On December 13, 2012, appellant's probation officer received a report from appellant's girlfriend that appellant had assaulted her. In addition, appellant failed to come into the office for his scheduled visit and refused to turn himself in upon suggestion of the probation officer. On December 31, 2012, the probation officer issued an absconder warrant for appellant. Appellant also failed to appear at the January 3, 2013 status listing before this Court and a bench warrant was issued for appellant's arrest. On September 27, 2013, appellant was apprehended and a violation hearing was scheduled. At the January 9, 2014 violation hearing, appellant's probation summary, which included all of the above information, was entered into evidence, however, no witnesses were available and the assault allegations could not be substantiated.[1]

Supplemental Opinion, 6/26/14, at 1-3.

_____

[1] To the extent that Appellant asserts that the trial court erred in revoking probation due to the unproven assault allegations, that claim is a red herring. The certified record confirms that the trial court revoked probation due to Appellant's several technical violations of the conditions of probation, including absconding from supervision. *See* N.T., 1/9/16, at 6. Moreover, defense counsel conceded, "[Appellant] had . . . technical violation[s] for absconding and for missing office visits." *Id*.

Following the January 9, 2014 violation of probation ("VOP") hearing, the trial court found Appellant in technical violation of his probation, revoked the probationary sentence, and imposed two to five years incarceration followed by three years probation.[2] The trial court denied Appellant's ensuing motion to reconsider the judgment of sentence. On February 10, 2014, Appellant filed a timely notice of appeal.[3]

Appellant presents a single question for our review:

> Did not the sentencing court abuse its discretion and impose a manifestly excessive sentence when, during a revocation hearing, it sentenced Mr. Pitts to two to five years of incarceration followed by three years of reporting probation for technical violations, where Mr. Pitts had not been convicted of any new crimes and had a long history of mental illness and substance abuse that required treatment rather than punishment?

Appellant's brief at 3.

The following principles are pertinent to our review. "Generally, in reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the

---

[2] Specifically, the trial court imposed two to five years incarceration for each of the two PWID convictions. For the aggravated assault, the court imposed two to five years imprisonment followed by three years probation. All three sentences were imposed concurrently and with credit for time served.

[3] Pursuant to Pa.R.Crim.P. 708, the motion for reconsideration did not toll the thirty-day appeal period. However, since the thirtieth day was a Saturday, Appellant had until Monday, February 10, 2014, to file a timely appeal.

discretionary aspects of the appellant's sentence." ***Commonwealth v. Kuykendall***, 2 A.3d 559 (Pa.Super. 2010); ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1033 n.1 (Pa.Super. 2013) (*en banc*) (Superior Court's scope of review includes claim challenging discretionary aspects of sentence following revocation of probation). However, before we reach the merits of a discretionary sentencing issue, we must ascertain whether: 1) a timely appeal was filed from the judgment of sentence; 2) the issue was preserved during the trial court proceedings; 3) the appellant complied with Pa.R.A.P. 2119(f); and 4) the Rule 2119(f) statement reveals a substantial question that the sentence was not appropriate under the sentencing code. ***Commonwealth v. Lebarre***, 961 A.2d 176, 178 (Pa.Super. 2008).

Herein, Appellant filed a timely notice of appeal. Likewise, he raised the pertinent complaints below, preserved the issues in his Rule 1925(b) statement, and complied with Pa.R.A.P. 2119(f) by including in his brief a concise statement of the reasons relied upon for allowance of appeal. ***See Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa. 1987). Accordingly, we must determine whether Appellant's claims raise a substantial question that the sentence was not appropriate under the sentencing code.

The crux of Appellant's argument is that the trial court violated the sentencing code by imposing a sentence of total confinement for violating the technical conditions of his probation. This contention raises a substantial question. ***See Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa.Super.

- 4 -

2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'"). Accordingly, we address the merits of Appellant's claim.

In **Crump**, we reiterated the following pertinent principles:

> When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. § 9771. **Commonwealth v. Ferguson**, [893 A.2d 735 (Pa.Super. 2006)]. Under 42 Pa.C.S. § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist:
>
> 1. the defendant has been convicted of another crime; or
>
> 2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> 3. such a sentence is essential to vindicate the authority of this court.

**Crump**, **supra**, at 1282-1283. "Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." **Id**. at 1282. The trial court does not have to engage in a lengthy discourse of its reasons for imposing a given sentence or specifically identify the statute in question. **Id**. at 1283. However, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Id**.

Instantly, Appellant's argument has two facets. First, he contends that the sentence of imprisonment was not individualized. This contention is

based upon the premise that the trial court failed to acknowledge Appellant's mental health issues, substance abuse, and rehabilitative needs. Next, Appellant complains that the court was not authorized to impose total confinement unless it found one of the enumerated reasons outlined in § 9721(c). For the reasons discussed below, we conclude that both of Appellant's assertions fail.

As it relates to Appellant's argument that the trial court did not engage in individualized sentencing, we observe that the trial court was thoroughly acquainted with Appellant's involvement with his mental health concerns, substance abuse, and his inappropriate behavior while under the supervision of the probation department. The trial court possessed the full probationary record, the VOP summary, which the trial court introduced as an exhibit during sentencing, and the court's personal experiences with Appellant over the two years that it supervised the probation proceedings. During the sentencing, the trial court stressed,

> [A]s I am reviewing my file I do see the number of opportunities that you have had. I seen [sic] where you were going well for a little period of time. And when you had this spiral downward. And where I could have sent you back to jail on . . . some occasions, I did not.
>
> And, while you may be remorseful as you sit here today, I do believe that you have not taken full advantage of the opportunities that have been given you, that probation and parole has not been a suitable tool to supervise you and I do think that a county sentence is no longer appropriate for you[.]

N.T., 1/9/14, at 19. Additionally, the trial court subsequently explained that it recommended Appellant continue to receive "mental health and drug treatment as needed" while he is incarcerated in a state facility. *Id*. at 22-23.

The foregoing confirms that the trial court was aware of Appellant's background, history, character, and rehabilitative needs when it fashioned the revocation sentence. In reality, the sentence reflected the years of experience that the trial court had with Appellant and the court's recognition that Appellant had exhausted the less restrictive sentencing alternatives. Accordingly, we reject Appellant's assertion that the trial court failed to impose an individualized sentence. *Cf. Commonwealth v. DeLuca*, 418 A.2d 669, 671 (Pa.Super. 1980) ("In light of the fact that [the VOP court] was familiar with appellant from the initial sentencing and pre-sentence report, this indicates a sufficient consideration of the pertinent sentencing factors.").

Next, we address Appellant's claim that the court erred in imposing total confinement for a technical violation. Again, no relief is due. As noted *supra*, prior to imposing total confinement, the trial court considered Appellant's criminal history, past probation violations, including the fact that he absconded from the probation department and remained a fugitive for eight months, and the ineffectiveness of the less-restrictive sanctions the court previously imposed in lieu of revocation. In sum, the court concluded that total confinement was warranted pursuant to Pa.C.S. § 9771(c) (2) and

(3). Specifically, the court determined that, in light of Appellant's comprehensive disregard for the conditions governing his probation, including his ongoing non-compliance and inability to utilize the rehabilitative services that probation provided, confinement was needed to vindicate its authority.

The trial court summarized its rationale as follows:

Appellant's probation was initially revoked and new sentences imposed on October 13, 2011, when appellant's cases were transferred to the supervision of mental health court. Since that time, appellant's compliance was spotty at best. On at least three occasions in the six months prior to this revocation, instead of violating appellant, the Court imposed an essay sanction, a "time in" sanction and a custody sanction in effort to encourage appellant to comply with his probation. Thereafter, appellant absconded from the probation department and failed to appear before the Court until he was apprehended on September 27, 2013. Based upon appellant's continued non-compliance, the Court determined that appellant had failed to take full advantage of the opportunities that have been given him, that probation and parole had not been a suitable tool to supervise him, and that a county sentence was no longer appropriate. (N.T. 01/09/14 pg. 19) Accordingly, a sentence of total confinement was appropriate where appellant's conduct indicated a likelihood of future offenses and was necessary to vindicate the court's authority. As a consequence, this claim fails. ***See Commonwealth v. Malovich***, 2006 PA Super 183, 903 A.2d 1247, 1254 (Pa. Super. Ct. 2006) (state incarceration was necessary to vindicate the court's authority where appellant had not complied with previous judicial efforts such as Drug Court, probation and prior revocations).

Trial Court Supplemental Opinion, 6/26/14, at 4-5.

The certified record confirms the trial court's finding that confinement was necessary to vindicate the court's authority. The trial court recalled that, between October 2011 and the date that Appellant became a fugitive

- 8 -

for eight months, he had one formal violation of probation and at least two alternative sanctions in lieu of formal violations. Likewise, Appellant failed six consecutive drug screens and openly admitted to using marijuana. It is clear that Appellant's course of conduct while he was on probation demonstrated his disdain for the court's directions and the need for total confinement pursuant to § 9771(b)(3). Thus, his claim that confinement was not warranted in this case fails.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015

---

[4] Additionally, while not articulated by the trial court, the certified record also supports the court's conclusion that incarceration was warranted under § 9771(b)(2), particularly in light of the fact that the probation is predicated in part upon his pleading guilty to two counts of possession of a controlled substance with intent to deliver. As discussed in the body of this memorandum, Appellant tested positive for drugs on six consecutive tests between May 25, 2012 and July 10, 2012 and proved resistant to rehabilitation. Indeed, Appellant admitted during his January 2014 allocution that he smoked marijuana during the eight months that he had absconded from supervision.