J-S36006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CLAYTON MICHAEL SUDDUTH | |
| Appellant | No. 1004 WDA 2014 |

Appeal from the Judgment of Sentence May 27, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017328-2013

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 27, 2015**

Appellant, Clayton Michael Sudduth, appeals from the judgment of sentence entered on May 27, 2014, after he pled guilty to multiple counts of sexual abuse of children and other remaining charges. Additionally, his court-appointed counsel, Brandon P. Ging, Esquire, and Elliott Howsie, Esquire, have filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsels' petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On November 13, 2013, Sudduth was charged with the following crimes: Count 1 — criminal solicitation (involuntary deviate sexual intercourse),[1] Count 2 — unlawful contact with a minor,[2] Count 3 — sexual abuse of children (dissemination of photographs),[3] Count 4 — sexual abuse of children (dissemination of photographs),[4] Count 5 — sexual abuse of children (dissemination of photographs),[5] Count 6 — sexual abuse of children (child pornography),[6] Count 7 — sexual abuse of children (child pornography),[7] Count 8 — sexual abuse of children (child pornography),[8] Count 9 — criminal use of communication facility,[9] and Count 10 — criminal attempt (corruption of minors).[10]

On May 27, 2014, Sudduth, represented by Owen M. Seman, Esquire, appeared for a jury trial. Rather than proceed to trial, however, Sudduth and the Commonwealth entered into a plea agreement. Specifically, the Commonwealth agreed to withdraw Count 1, Count 2, Count 5, Count 8, and Count 10. In exchange, Sudduth agreed to plead guilty to the remaining charges. The parties also agreed to a sentence of imprisonment of not less

---

[1] 18 Pa.C.S.A. § 902(a).
[2] 18 Pa.C.S.A. § 6318(a)(1).
[3] 18 Pa.C.S.A. § 6312(c).
[4] 18 Pa.C.S.A. § 6312(c).
[5] 18 Pa.C.S.A. § 6312(c).
[6] 18 Pa.C.S.A. § 6312(d).
[7] 18 PA.C.S.A. § 6312(d).
[8] 18 Pa.C.S.A. § 6312(d).
[9] 18 Pa.C.S.A. § 7512(a).
[10] 18 Pa.C.S.A. § 901(a).

than two to four years and to a period of probation to be set by the trial court.

After conducting an extensive oral colloquy with Sudduth, the trial court accepted the guilty plea. Sudduth waived his right to a pre-sentence investigation report and the trial court immediately sentenced him as follows: to a term of imprisonment of not less than two to four years at Count 3; three years' probation at Count 4; three years' probation at Count 6; three years' probation at Count 7; and to no further penalty at Count 9.

Attorney Seman did not file a post-sentence motion on Sudduth's behalf. Attorney Ging and Attorney Howsie timely filed a notice of appeal on Sudduth's behalf.

After two extensions, due to the unavailability of the guilty plea/sentencing transcript, and after a conscientious review of the record and extensive legal research, appointed counsel concluded there were no non-frivolous issues to raise on direct appeal. Accordingly, they filed a motion to withdraw as counsel with this Court and submitted an *Anders* brief in support thereof.

When court-appointed counsel seek to withdraw from representation on appeal, counsel must meet the following requirements.

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's

reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Once counsel have met their obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id*. at 355 n.5 (citation omitted).

Counsel have substantially complied with the technical requirements of *Anders* as articulated in *Santiago*. Additionally, counsel confirm that they sent a copy of the *Anders* brief to Sudduth, as well as a letter explaining to Sudduth that he has the right to proceed *pro se* or the right to retain new counsel. Counsel have appropriately appended a copy of the letter to the motion to withdraw. Sudduth has not filed a response to the petition.

We will now proceed to examine the issues counsel have set forth in the *Anders* brief. Counsel identifies three issues for our review.

"Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013), appeal denied, 87 A.3d 319 (Pa. 2014) (citation omitted).

Sudduth's first issue challenges the validity of his guilty plea. In order to preserve an issue related to the guilty plea, an appellant must either

"object[ ] at the sentence colloquy or otherwise rais[e] the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) (citation omitted; brackets in original). Here, Sudduth did neither. Therefore, this issue is waived. "Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal." ***Id***. (citation omitted).

Since Sudduth failed to preserve this issue prior to this appeal, he cannot challenge for the first time on direct appeal the validity of his guilty plea. ***See*** Pa.R.A.P. 302(a). Thus, we agree with counsels' assessment that this claim is frivolous. ***See Commonwealth v. Hankerson***, ___ A.3d ___, ___, 2015 WL 3549969, *4 (Pa. Super., filed June 8, 2015) (waived claim is frivolous).

Next, Sudduth challenges the legality of his sentence. He somehow believes that the sentence imposed on each count exceeds the applicable statutory maximums. This claim is patently frivolous.

"An illegal sentence is one that exceeds the statutory limits." ***Commonwealth v. Bradley***, 834 A.2d 1127, 1131 (Pa. 2003) (citations omitted).

Sudduth was sentenced at five charges, each charge being graded as a felony of the third degree. ***See*** N.T., Sentencing, 5/27/14, at 13-15. The statutory maximum sentence for a third-degree felony is "a term which shall

be fixed by the court at not more than seven years." 18 Pa.C.S.A. § 1103(3).

None of the sentences imposed runs afoul of Section 1103(3). Therefore, we conclude there is no basis upon which to challenge the legality of Sudduth's sentence and we agree with counsel that this issue is frivolous.

Finally, we consider a challenge to the discretionary aspects of Sudduth's sentence. This presents another waived claim. Sudduth never preserved this issue in the lower court. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (describing how discretionary aspects of sentencing claim must be preserved). Therefore, this claim is waived. *See id*., at 1274. *See also Commonwealth v. LeBarre*, 961 A.2d 176, 178 (Pa. Super. 2008) ("We find that because Appellant did not raise his discretionary aspects claim below, it is waived."). Thus, we agree with counsels' assessment that this claim is frivolous. *See Hankerson*, ____ A.3d at ___, 2015 WL 3549969, *4.

After examining the issues contained in the *Anders* brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted. Judgment Entered.

- 6 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2015