J-S34014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL D. WALLACE, JR., | |
| Appellant | No. 2144 MDA 2014 |

Appeal from the Judgment of Sentence November 18, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000073-2014

BEFORE:  BOWES, OTT and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                          **FILED JULY 28, 2015**

Michael D. Wallace, Jr. appeals from the judgment of a sentence of eighteen  to thirty-six months imprisonment entered after he pled guilty to possession with intent to deliver ("PWID") (heroin) and possession of marijuana.  We affirm.

We glean the following undisputed facts from the affidavit of probable cause attached to the criminal complaint.[1]  On January 9, 2014, Williamsport Police Officer Justin Snyder was working nightshift when he observed an

---

[1] As the notes of testimony from the guilty plea hearing were not included in the certified record transmitted to this Court on appeal, we do not have the benefit of the the Commonwealth's recitation of the factual basis for Appellant's guilty plea.  However, since the only issue that Appellant levels on appeal relates to the discretionary aspects of sentencing, the omitted transcript is not critical to our review.

Oldsmobile sedan with three occupants fail to obey a stop sign at the intersection of Seventh Avenue and Memorial Avenue in Williamsport. The vehicle proceeded down Memorial Avenue where Officer Snyder initiated a traffic stop. Upon approaching the automobile, Officer Snyder detected a strong odor of marijuana. Officer Snyder instructed Appellant, who was in the backseat, to place his hands on the back of the front seat headrest while the officer performed a weapons frisk on the passenger he removed from the front of the car. Appellant initially complied, but while Officer Snyder was distracted with the other passenger, Appellant made furtive movements and repeatedly concealed his hands near his waist.

Police Officer Jonathan Deprenda arrived at the scene while officer Snyder was occupied with the front-seat passenger. Officer Deprenda removed Appellant from the rear of the car and frisked him for weapons. Appellant tried to break free from Officer Deprenda but was apprehended and detained. During the scuffle, Appellant either dropped or discarded a zip-lock bag containing marijuana.

Appellant was arrested and the search incident to arrest revealed three cell phones, $367, and another zip-lock bag of marijuana packaged identically to the first one. Officer Snyder placed Appellant in his police cruiser for transport to police headquarters. He advised Appellant that the back of the police cruiser had been searched for contraband prior to the start of his shift and that anything discovered in the unit following Appellant's

removal would necessarily be from Appellant's person. Upon transporting Appellant to police headquarters and removing him from the vehicle, Officer Snyder discovered several additional bundles of heroin on the floorboard and seat where Appellant had been seated. A subsequent strip search revealed fifteen more bundles of heroin, four bags of marijuana, and a marijuana blunt. In sum, Appellant possessed 210 individually packaged bags of heroin weighing approximately 8.4 grams, six bags of marijuana, a marijuana blunt, $367, and three cellular telephones. He was charged with one count of PWID between one and ten grams of heroin and one count of possession of marijuana.

Appellant entered an open guilty plea to both charges and the trial court ordered a pre-sentence investigation ("PSI"). N.T., Sentencing Hearing, 11/18/14, at 2. When Appellant appeared for sentencing, it was determined that his prior record score was two, in light of a prior felony drug offense. However, his offense gravity score was seven due to the large quantity of heroin that he possessed. Based upon Appellant's scores, the standard range of the sentencing guidelines provided for a minimum sentence between twelve and eighteen months imprisonment. *Id*. at 15. Appellant was subsequently sentenced to incarceration at a state correctional institution for eighteen to thirty-six months, plus two years of probation after his release. Sentencing Order, 11/18/14, at 1. No further penalty was imposed for possession of marijuana. *Id.*

In imposing sentence, the trial court ruled that Appellant was eligible for entry into the Recidivism Risk Reduction Incentive ("RRRI") program, which could potentially reduce the time spent in prison to thirteen and one-half months. N.T., Sentencing Hearing, 11/18/14, at 16. He was also given credit for time served in the county prison while awaiting sentencing. *Id*. at 13. Appellant did not file a post-sentence motion. However, after the period for filing post-sentence motions elapsed, Appellant informed his counsel that he wished to file an appeal challenging the discretionary aspects of his sentence.

Appellant presents the following issue for our review:

Did the trial court abuse its discretion when imposing a minimum sentence at the top of the standard range of the sentencing guidelines, where the Appellant entered a guilty plea, accepted responsibility, and was in need of rehabilitation?

Appellant's Brief at 4.

Four requirements must be met before this Court will address the merits of an appeal concerning the discretionary aspects of sentencing. *Commonwealth v. Lebarre*, 961 A.2d 176, 178 (Pa. Super. 2008). These elements are as follows: (1) whether Appellant has filed a timely notice of appeal; (2) whether the issue was raised at sentencing or in a post-sentence motion and preserved in a Rule 1925(b) statement; (3) whether the brief contains a statement of the reasons relied upon for the appeal in compliance with Pa.R.A.P 2119(f), and; (4) whether there is a substantial question that

the sentence appealed from is not appropriate under the sentencing code. *Id*.

"Issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003) (citations omitted). Instantly, Appellant failed to level a challenge to the discretionary aspects of his sentence during the sentencing hearing or in a post-sentence motion. Although Appellant requested during the sentencing hearing that the trial court fashion a sentence at the lower end of the standard range of the sentencing guidelines, he failed to challenge the trial court's imposition of a sentence at the top of the standard range or argue that the sentence imposed was unreasonable or manifestly excessive. N.T., Sentencing Hearing, 11/18/14, at 14-16. Hence, he did not raise this discretionary sentencing issue during the sentencing hearing. Since Appellant also failed to file a post-sentence motion asserting this issue, it is waived.

Assuming, *arguendo*, that Appellant had successfully raised and preserved this issue for appeal, his sentencing claim is meritless. Appellant's central argument is that the trial court abused its discretion by sentencing him to a "clearly unreasonable" period of incarceration. Appellant posits that a shorter sentence in the standard range would be

more appropriate based upon a balanced consideration of the sentencing factors. Appellant's brief at 9-10. This argument is legally unsupported.

Herein, the trial court fashioned the sentence in accordance with the sentencing guidelines. 204 Pa.Code § 303.1. Applying Appellant's prior record and offense gravity scores to the basic sentencing matrix, the court accurately determined that the standard range for minimum terms of confinement for PWID (between one and ten grams of heroin) fell between twelve and eighteen months. 204 Pa.Code § 303.16. As noted, the trial court's sentence of eighteen to thirty-six months incarceration was at the top end of the sentencing guidelines' standard range.

In addition to imposing a standard range sentence, the trial court fashioned the sentence with the benefit of the PSI report. N.T, 11/18/14, at 3. This Court has previously held that, absent more, the imposition of a standard range sentence in combination with the existence of a PSI report cannot be considered excessive or unreasonable. ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 546 (Pa.Super. 1995); ***see also Commonwealth v. Griffin***, 65 A.3d 932, 937 (Pa.Super. 2013); ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super. 2010) (same). Herein, Appellant's argument that a reduced sentence would reflect a more appropriate consideration of the appropriate sentencing factors is insufficient to overcome the presumption of reasonableness created by the combination of the trial court's consideration of the PSI in conjunction with its imposition of a

standard-range sentence. Thus, even if Appellant had leveled this claim properly and preserved it for our review, we would have rejected it.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015