J-S06013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :               PENNSYLVANIA
                               :
              v.               :
                               :
                               :
                               :
TESHA GREEN,                   :
                               :
              Appellant        :   No. 1603 EDA 2018

Appeal from the Judgment of Sentence June 27, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012259-2013

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 30, 2019**

Tesha Green appeals *nunc pro tunc* from the judgment of sentence of two to ten years of imprisonment imposed after she was convicted of aggravated assault, possessing instruments of crime ("PIC"), terroristic threats, simple assault, and recklessly endangering another person ("REAP"). We affirm.

At approximately 2:40 p.m. on August 3, 2013, Appellant initiated a physical altercation with Takesha Keigler, brandished a knife with a three-inch blade, and announced her intention to kill her.  Ms. Keigler attempted to defend herself from the knife-wielding assailant by striking Appellant with her purse.  Appellant stabbed Ms. Keigler on her head, neck, arms and hand before a bystander intervened and stopped the assault.

During the ensuing bench trial, Appellant admitted to stabbing Ms. Keigler but claimed that she acted in self-defense after Ms. Keigler struck her

with a piece of metal and grabbed and kicked her. The trial court rejected Appellant's assertion and convicted her of the afore mentioned offenses.

On June 27, 2014, the case proceeded to sentencing, where the court had the benefit of a pre-sentence investigation ("PSI") report, Appellant's mental health evaluation, and favorable character evidence. The offense gravity score for aggravated assault graded as a felony is ten, and with the application of the deadly weapon enhancement, the sentencing guidelines recommend a standard range of forty to fifty-four months. Nevertheless, the trial court imposed the less severe sentence of two to ten years of imprisonment for aggravated assault and a concurrent term of one to five years for PIC. No further penalties were imposed on the remaining convictions. Notably, the court's mitigated-range sentence was substantially less than the five year minimum term of incarceration that the Commonwealth requested.

Appellant did not file a post-sentence motion or a direct appeal; however, she filed a timely PCRA petition alleging, *inter alia*, that trial counsel ignored her directive to file a petition for reconsideration of sentence, post-sentence motions, and a direct appeal. She requested "to have her post-sentence motion rights and her petition for reconsideration of sentence rights reinstated *nunc pro tunc*, or in the alternative, a new trial and/or sentencing hearing." Amended PCRA Petition, 2/9/17, at unnumbered 2. On June 4, 2018, the trial court granted Appellant's petition insofar as it ordered,

"appellate rights are reinstated Nunc Pro Tunc to the Superior Court of Pennsylvania." PCRA Court Order, 6/4/18. This timely appeal followed.

Appellant presents two issues,

I. Did the trial court abuse its discretion in sentencing appellant to an aggregate term of two (2) to ten (10) years imprisonment?

II. Did trial counsel render ineffective assistance of counsel for failing to subpoena and introduce into evidence [A]ppellant's medical records (showing injuries sustained) during trial to prove self-defense?

Appellant's brief at 5.

Appellant's first claim challenges the discretionary aspects of her sentence. Before we reach the merits of a discretionary sentencing issue, we must ascertain whether (1) a timely appeal was filed from the judgment of sentence; (2) the issue was preserved during the trial court proceedings; (3) the appellant complied with Pa.R.A.P. 2119(f); and (4) the Rule 2119(f) statement reveals a substantial question that the sentence was not appropriate under the sentencing code. ***Commonwealth v. Lebarre***, 961 A.2d 176, 178 (Pa.Super. 2008).

Herein, Appellant filed a timely appeal *nunc pro tunc*, raised the issue in a concise statement filed pursuant to Pa.R.A.P. 1925(b), and complied with Rule 2119(f) by including in her brief a statement of reasons in support of review of her claim. Appellant's brief at 4. Specifically, Appellant avers that her sentence was "unduly harsh" in that the court focused on the seriousness of the offense and failed to meaningfully consider other relevant sentencing

- 3 -

factors. *Id*. Although Appellant's trial counsel neglected to preserve this issue in a post-sentence motion, which was one of the bases for relief that Appellant asserted in her PCRA petition, we will not find the claim waived in light of the PCRA Court's decision to reinstate Appellant's direct appeal rights.

Next, we must determine whether Appellant has asserted a substantial question. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1266 (Pa.Super. 2014) (*en banc*) (quoting ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa.Super. 2012)).

While a bald allegation that the court imposed an excessive sentence will not, by itself, raise a substantial question, a claim that the trial court fashioned an excessive sentence due to its failure to properly consider mitigating factors may raise a substantial question. ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super. 2014) ("an excessive sentence claim— in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question"). Instantly, Appellant supplemented her excessiveness claim with the contention that the sentencing court failed to consider "the facts and circumstances of the underlying case." Appellant's brief at 10. Accordingly, we will address the merits of Appellant's claim.

Our standard of review is well settled. "Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280 1282-83 (Pa.Super. 2010). To establish an abuse of discretion, Appellant must prove that the sentencing court arrived at a manifestly unreasonable sentence, ignored or misapplied the law, or exercised its judgment with impartiality, prejudice, bias or ill will. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

Pursuant to 42 Pa.C.S. § 9721(b), "In selecting from the alternatives set forth in subsection (a) [outlining the types of permissible sentences], the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." Appellant does not necessarily claim that the sentencing court overlooked the § 9721(b) factors. Instead, she complains that, in imposing the sentence of two to ten years of imprisonment, the court provided insufficient acknowledgment of her mental health evaluation, the injuries she sustained during the altercation, and favorable character evidence. Appellant's brief at 10.

Appellant's allegation that her mitigated-range sentence is excessive lacks merit. This Court is permitted to reverse a standard-range sentence only if the sentence, when viewed in light of the factors outlined in 42

Pa.C.S. § 9781(d),[1] is clearly unreasonable.  **Commonwealth v. Walls**, 926 A.2d 957 (Pa. 2007).  An unreasonable sentence is one that was irrational or not guided by sound judgment.  **Id**.  Indeed, "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guidelines ranges."  **Id**. at 964.

Instantly, the trial court fashioned a sentence that was neither irrational nor guided by unsound judgment.  The certified record establishes that the sentencing court had the benefit of a PSI report when it imposed a sentence that was within the mitigated range of the sentencing guidelines.  Where the sentencing court both sentences within the standard range and considers a pre-sentence report, the sentence will not be considered excessive.  **Commonwealth v. Griffin**, 65 A.3d 932, 937 (Pa.Super. 2013).  In fact, in this situation, we are required to presume that the sentencing court properly weighed the mitigating factors.  **Commonwealth v. Devers**, 546 A.2d 12,

---

[1]  Section 9781(d) provides that when we review this type of question, we have regard for:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

- 6 -

18 (Pa. 1988) ("Where pre-sentence reports exist, we . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."); **Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa.Super. 2009). This principle is even more forceful where, as here, the trial court utilized the PSI report to impose a mitigated range sentence over the Commonwealth's request for a five year minimum. **See** Trial Court Opinion, 10/1/18, at 5 ("Had Appellant not presented the mitigating evidence, the [trial c]ourt would have imposed a standard range sentence."). No relief is due.

Appellant's second issue concerns whether trial counsel provided constitutionally ineffective assistance by failing to introduce medical records to substantiate Appellant's claim that she acted in self-defense. In **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013), our Supreme Court reaffirmed the general rule that "claims of ineffective assistance of counsel are to be deferred to PCRA review" unless two scenarios exists: (1) where the trial court addresses a discrete claim of trial counsel ineffectiveness that is both apparent from the record and meritorious; and (2) where the defendant knowingly and expressly waives his right to seek review under the PCRA. **See id**. at 563-564. Neither exception applies herein.

As Appellant's claim is not facially meritorious and Appellant did not knowingly and expressly waive her right to collateral review, Appellant must seek review of her ineffectiveness claims in a succeeding PCRA petition, which

will be treated as her first.  **See Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa.Super. 2007) (quoting **Commonwealth v. O'Bidos**, 849 A.2d 243, 252 n.3 (Pa.Super. 2004)) ("It is now well[-]established that a PCRA petition brought after an appeal *nunc pro tunc* is considered [an] appellant's first PCRA petition, and the one-year time clock will not begin to run until this appeal *nunc pro tunc* renders his judgment of sentence final.").

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/19