J-S18013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MONICA C. VEGA-ALVARADO, | |
| Appellant | No. 1615 MDA 2015 |

Appeal from the Judgment of Sentence July 30, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s):
CP-06-CR-0002046-2015

BEFORE:  BOWES, LAZARUS AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED MARCH 11, 2016**

Monica C. Vega-Alvarado appeals from the judgement of sentence of eleven and one-half months to twenty-three months imprisonment that was imposed pursuant to a negotiated guilty plea to possession of a controlled substance (cocaine).  We affirm and grant counsel's petition to withdraw from representation.

We glean the pertinent facts from the affidavit of probable cause and the Commonwealth's presentation of the factual basis for the guilty plea.  On October 5, 2014, Reading Police Officer Eric Niemsyk encountered Appellant and other unidentified individuals at the intersection of Bingham and 18th Streets in Reading, Pennsylvania.  Dressed in full uniform, Officer Niemsyk alighted his marked patrol car and asked Appellant and her companions for

---

*  Retired Senior Judge assigned to the Superior Court.

identification. After they provided their names, Officer Niemsyk told the group that they were free to leave. Before Appellant walked too far away, Officer Niemsyk called out, "Hey, can I ask you something" and Appellant responded affirmatively. *See* Criminal Complaint, 2/12/15, at AOPC Form 411C. The officer reminded Appellant that she was still free to leave and then inquired whether "she had anything illegal on her." *Id*. Appellant initially failed to respond, but on Officer Niemsyk's second query, she produced a clear plastic bag of crack cocaine from her bra and surrendered it to him. *Id*. Appellant is not a person who is registered, licensed, or authorized to possess the controlled substance. Criminal Complaint, 2/12/15; N.T., 7/30/15, at 4.

Appellant was charged with one count each of possession of a controlled substance and possession of paraphernalia. Represented by the Office of the Berks County Public Defender, Appellant executed a negotiated guilty plea to possession of a controlled substance graded as a misdemeanor. As part of the agreement, the Commonwealth requested that the trial court impose the agreed-upon sentence of eleven and one-half months to twenty-three months imprisonment, a standard range sentence in light of Appellant's prior record and offense gravity scores, and moved to dismiss the remaining offense. N.T., 7/30/15, at 5. Appellant executed a written guilty plea, and following an oral colloquy, the trial court found the Appellant was entering the plea knowingly, intelligently, and voluntarily,

accepted the terms of the negotiated plea agreement, dismissed the remaining count, and immediately entered the judgment of sentence. *Id*. at 3-5. Thereafter, the trial court ensured that Appellant had been advised of her post-sentence and appellate rights. *Id*. at 6.

Appellant filed a timely post-sentence motion seeking solely to reduce her sentence. On August 19, 2015, the trial court denied the motion. This timely appeal followed. In response to the trial court's order to file a concise statement of errors complained of on appeal, Assistant Public Defender Christopher M. Price invoked Pa.R.A.P. 1925(c)(4) and filed a statement of his intent to file an *Anders* brief and petition to withdraw from representation.[1]

We may not address the merits of the appeal without first reviewing the request to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005). Accordingly, we review Attorney Price's petition at the outset.

In *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), our Supreme Court altered our application of the *Anders* briefing requirements to permit counsel to fully articulate his or her conclusion that the appeal is frivolous. The *Santiago* Court did not change the remaining procedural requirements that court-appointed counsel must satisfy in requesting to

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

withdraw from representation, *i.e.*: (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

Herein, Attorney Price's petition to withdraw from representation stated that he had made a conscientious review of the record and had concluded that the appeal was wholly frivolous. In addition, Attorney Price attested that he mailed to Appellant: a copy of the petition to withdraw; a copy of the **Anders** brief stating the reasons for his conclusion; and a letter advising Appellant of her rights to proceed *pro se* or to retain private counsel if the petition is granted and to raise any additional issues that she deemed worthy of consideration.[2] Significantly, with respect to the latter requirement, Attorney Price mailed Appellant a letter advising her of her rights. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005). Thus, counsel has satisfied the procedural requirements of **Anders**.

Having found procedural compliance, we now must determine whether Attorney Price's **Anders** brief complies with the substantive dictates outlined in **Santiago**. We conclude that it does. Attorney Price's **Anders** brief 1)

_____

[2] Appellant neglected to respond to counsel's letter or the petition to withdraw.

- 4 -

summarized the procedural history and pertinent facts with citation to the certified record; 2) identified the testimony adduced during the evidentiary hearing that arguably supports the appeal and outlines potential claims that the certified record does not sustain the statutory grounds for termination; 3) referenced controlling case law in setting forth his conclusion that the appeal is frivolous; and 4) explained his finding that it is. Accordingly, Attorney Price satisfied the *Santiago* requirements.

Next, we consider the issue raised in the *Anders* brief,

Whether the trial court erred in denying Appellant's Post Sentence Motion to Modify Sentence where . . . Appellant was remorseful[,] . . . expected no further contact with the criminal justice system, and wishe[d] to consummate a meaningful and accelerated reintegration to society.

Appellant's brief at 5.

Appellant's claim challenges the discretionary aspects of her sentence. Before we reach the merits of a discretionary sentencing issue, we must ascertain whether 1) a timely appeal was filed from the judgment of sentence; 2) the issue was preserved during the trial court proceedings; 3) the appellant complied with Pa.R.A.P. 2119(f); and 4) the Rule 2119(f) statement reveals a substantial question that the sentence was not appropriate under the sentencing code. *Commonwealth v. Lebarre*, 961 A.2d 176, 178 (Pa.Super. 2008).

Herein, Appellant filed a timely appeal and previously preserved the claim in her post-sentence motion. Attorney Price declined to raise the issue

in a Rule 1925(b) statement on the grounds that the claim was baseless and that he intend to file the instant *Anders* brief, which omitted the required Pa.R.A.P. 2119 statement, ostensibly for the same reason. In light of Appellant's timely appeal, preservation of her claim in a post-sentence motion, and our obligation to perform an independent review of this case, to the extent that the certified record reveals a non-frivolous claim, we will not find that claimed waived due to counsel's omissions.

Our standard of review is well settled. "Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280 1282-1283 (Pa.Super. 2010). To establish an abuse of discretion, Appellant must prove that the sentencing court arrived at a manifestly unreasonable sentence, ignored or misapplied the law, or exercised its judgment with impartiality, prejudice, bias or ill will. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007). None of the foregoing conditions are implicated in the case at bar.

It is well-settled that "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties." *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa.Super. 2009). Herein, Appellant entered a negotiated guilty plea to possession of a controlled substance graded as a misdemeanor. The trial court accepted the

terms of the accord and entered the agreed-upon sentence. Hence, pursuant to **Brown**, **supra**, Appellant received the benefit of her plea bargain and she cannot seek to challenge the negotiated penalty as excessive. This issue is wholly frivolous.

Finally, we have independently reviewed the certified record and found no preserved issues that would arguably support the direct appeal. The guilty plea proceeding confirms that Appellant entered the guilty plea knowingly, intelligently, and voluntarily. **See Commonwealth v. Pollard**, 832 A.2d 517, 522-523 (Pa.Super. 2003); Pa.R.Crim.P. 590. Stated plainly, Appellant understood the nature of the charges to which she pled guilty, adopted the Commonwealth's factual basis for the plea, and acknowledged her right to a jury trial and the presumption of her innocence. Moreover, Appellant was aware of her maximum sentencing exposure—three years imprisonment and a $25,000 fine, and she understood that the trial court would not be bound by the terms of the negotiated plea unless it accepts the agreement. In addition to the oral colloquy, the certified record includes a written colloquy that Appellant read, completed, signed, and then reaffirmed on the record during the plea proceeding. There are no preserved non-frivolous issues that would support this appeal.

Having addressed the issue leveled in the **Anders** brief and independently reviewed the certified record, we agree with Attorney Price

that the direct appeal is wholly frivolous.  Accordingly, we grant counsel's petition to withdraw pursuant to **Anders**, **supra** and **Santiago**, **supra**.

Petition of Christopher Price, Esquire, to withdraw from representation is granted.  Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/2016