J-S08033-17

2017 PA Super 144

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DONALD BIAUCE :
:
Appellant : No. 926 WDA 2016

Appeal from the Order June 10, 2016
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  261 CR 1984

BEFORE:   GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

OPINION BY GANTMAN, P.J.:                          **FILED MAY 15, 2017**

Appellant, Donald Biauce, appeals from the order entered in the McKean County Court of Common Pleas, which granted the Commonwealth's petition to change the payee of mandatory restitution from Ralph Porch ("Victim") to the estate of the deceased Victim.  We affirm.

The relevant facts and procedural history of this case are as follows. Victim was driving his vehicle on November 15, 1984, with his wife, Jean Porch, who was a passenger.  Victim noticed Appellant standing on the side of the road, next to a stopped vehicle.  Victim began to slow down until he saw that Appellant had a rifle on his person.  After seeing the rifle, Victim increased his speed.  Appellant fired shots at Victim's vehicle, which directly struck Victim; the shattered glass from the windshield injured Victim's wife.

Victim continued driving until he located the police and reported the incident. Victim's injuries were part of a two-day crime spree by Appellant.

As a result of the crime spree, a jury convicted Appellant on April 30, 1985, of four counts of attempted murder, two counts each of aggravated assault, unlawful restraint, burglary, and theft, and one count each of robbery and resisting arrest. On September 27, 1985, the court sentenced Appellant to forty-four (44) to eighty-eight (88) years' incarceration and ordered Appellant to pay restitution to three (3) victims. Regarding Victim Ralph Porch, the court ordered Appellant to pay restitution in the amount of $9,975.68, plus future medical expenses.

On April 15, 2016, the McKean County Adult Probation Department received correspondence from Francis Porch, Trustee, regarding the establishment of Victim Ralph Porch's estate and the creation of a trust. The Commonwealth filed a petition on April 22, 2016, to amend the payee of the restitution order from Ralph Porch to the Estate of Jean and Ralph Porch, with the Trustee of Francis Porch. Appellant filed a *pro se* answer in opposition on June 1, 2016. On June 10, 2016, the court granted the Commonwealth's petition with explanation and changed the payee of the restitution to the Estate of Jean and Ralph Porch, with the Trustee of Francis Porch. The amount of restitution remained the same. Appellant filed a *pro se* notice of appeal on June 28, 2016. The trial court ordered Appellant on July 6, 2016, to file a concise statement of errors complained of on appeal,

pursuant to Pa.R.A.P. 1925(b). The order was served on July 7, 2016. Appellant deposited his Rule 1925(b) statement in the prison mail on July 26, 2016, within the twenty-one day period. *See Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423 (1997) (holding the prison mailbox rule applies to all appeals by *pro se* prisoners).

Appellant raises the following issues for our review:

> DID THE TRIAL COURT ER[R] WHEN IT GRANTED A MOTION TO MODIFY A RESTITUTION ORDER GRANTING PAYMENT TO A THIRD PARTY OR ESTATE WHO IS NOT THE VICTIM OF THE CRIME?
>
> DID THE TRIAL COURT ER[R] WHEN IT GRANTED A MOTION TO MODIFY A RESTITUTION ORDER AFTER 30 YEARS WITHOUT A HEARING WHICH VIOLATED [APPELLANT'S] DUE PROCESS RIGHTS IN ACCORDANCE WITH THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA AND THE UNITED STATES CONSTITUTION?
>
> DID THE TRIAL COURT ER[R] WHEN IT ORDERED THE ENTIRE RESTITUTION AMOUNT OF $9,975.68 WHEN [APPELLANT] HAS BEEN MAKING ACT 84 PAYMENTS SINCE 2000?
>
> DID THE TRIAL COURT ER[R] WHEN IT ORDERED RESTITUTION TO AN ESTATE WHEN AN ESTATE DOES NOT QUALIFY FOR OR IS DEFINED AS A VICTIM UNDER 18 PA.C.S.A [§] 1106(H)?
>
> DID THE TRIAL COURT ER[R] WHEN IT GRANTED A MOTION TO MODIFY A RESTITUTION ORDER WHEN IT LACKED THE JURISDICTION UNDER 42 PA.C.S.A. [§] 5505 AND THE DISTRICT ATTORNEY NEVER ARGUED ANY JUST CAUSE FOR THE MODIFICATION?

(Appellant's Brief at 8).

For purposes of this disposition, we combine Appellant's issues.

Appellant argues payment of restitution originally ordered as part of a direct sentence for a crime involving personal injury is limited to the direct victim of the crime, and the victim's estate does not qualify as a victim. Specifically, Appellant contends the Commonwealth committed fraud upon the court when the Commonwealth asked the court to change the restitution payee to the Estate of Jean and Ralph Porch, because Jean Porch was not a "victim," and the original restitution order did not include her name. Appellant avers information for modification of a restitution order must come straight from the victim, and here, the Trustee of Victim's estate presented the estate information to the Commonwealth. Appellant also maintains he has already made restitution payments, and the court should have modified the restitution amount to reflect those partial payments. Appellant further insists the court had no jurisdiction to modify the original restitution sentencing order, because it was over thirty years old. Appellant concludes the trial court improperly modified the restitution order, and this Court must vacate the modified order and restore the original order. Appellant also requests this Court to order an accounting of the money Appellant previously paid toward restitution. We disagree.

The court's power to impose restitution is a matter of statutory construction, which poses questions of law, over which our review is plenary. **Commonwealth v. Hall**, 622 Pa. 396, 409, 80 A.3d 1204, 1211 (2013).

The primary statute at issue in this appeal is the statute governing restitution, which provides in pertinent part as follows:

**§ 1106.    Restitution for injuries to person or property**

**(a)  General rule.**–Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\*    \*    \*

**(c)    Mandatory restitution.–**

(1)  The court shall order full restitution:

(i)    Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss.  The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other governmental agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board.  The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

(ii)  If restitution to more than one person is set at the same time, the court shall set priorities of payment. However, when establishing priorities, the court shall order payment in the following order:

(A) The victim.

(B) The Crime Victim's Compensation Board.

(C) Any other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(D) Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

(3) The court may, **at any time** or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, **alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of**

**record for any change or amendment to any previous order.**

(4)(i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

(ii) Where the district attorney has solicited information from the victims as provided in subparagraph (i) and has received no response, the district attorney shall, based on other available information, make a recommendation to the court for restitution.

(iii) The district attorney may, as appropriate, recommend to the court that the restitution order be altered or amended as provided in paragraph (3).

\* \* \*

**(e) Restitution payments and records.**–Restitution, when ordered by a judge, shall be made by the offender to the probation section of the county in which he was convicted or to another agent designated by the county commissioners with the approval of the president judge of the county to collect restitution according to the order of the court or, when ordered by a magisterial district judge, shall be made to the magisterial district judge. The probation section or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution and the magisterial district judge shall maintain records of the restitution order and its satisfaction and shall forward to the victim the property or payments made pursuant to the restitution order.

\* \* \*

**(h) Definitions.–**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

**"Crime."** Any offense punishable under this title or by a magisterial district judge.

\* \* \*

**"Offender."** Any person who has been found guilty of any crime.

\* \* \*

**"Restitution."** The return of the property of the victim or payments in cash or the equivalent thereof pursuant to an order of the court.

**"Victim."** As defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929. [71 P.S. § 180-9.1] The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.

18 Pa.C.S.A. § 1106 (emphasis added).[1] The Sentencing Code provides for restitution as follows:

### § 9721. Sentencing generally

\* \* \*

_____

[1] Whether the definition of "victim" under Section 1106 includes the more expansive definition of "victim" under the Crime Victim's Act, at 18 P.S. § 11.103, remains subject to disagreement. **See, e.g., Commonwealth v. Holmes**, 155 A.3d 69 (Pa.Super. 2017), which is a recent, evenly divided _en banc_ decision of this Court. We do not have to address that matter, however, because Ralph Porch was a direct victim of Appellant's crime and entitled to mandatory restitution under 18 Pa.C.S.A. § 1106(c) and 42 Pa.C.S.A. § 9721(c).

> **(c) Mandatory restitution.**–In addition to the alternatives set forth in subsection (a) of this section the court shall order the defendant to compensate the victim of [the defendant's] criminal conduct for the damage or injury that [the victim] sustained. …

42 Pa.C.S.A. § 9721(c). "[T]he primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's loss or personal injury and that it is [the offender's] responsibility to repair the loss or injury as far as possible." *Commonwealth v. Solomon*, 25 A.3d 380, 389 (Pa.Super. 2011), *appeal denied*, 615 Pa. 766, 40 A.3d 1236 (2012) (quoting *Commonwealth v. Mariani*, 869 A.2d 484, 486 (Pa.Super. 2005)).

"An order of restitution is a sentence, …thus, the amount awarded is within the sound discretion of the trial court and must be supported by the record." *Commonwealth v. Boone*, 862 A.2d 639, 644 (Pa.Super. 2004). The trial court is required to specify the amount of restitution at sentencing, but it may modify the restitution order **at any time** if the court explains its reasons for modification on the record. *Commonwealth v. Dietrich*, 601 Pa. 58, 65, 970 A.2d 1131, 1135 (2009). **See also** 18 Pa.C.S.A. § 1106(c)(3). If the sentencing court sets some restitution at sentencing, the court can later modify the restitution as long as the court meets the requirements of Section 1106(c)(3). *Dietrich, supra* at 1135. The broad language of Section 1106(c)(3) indicates the court has jurisdiction to modify a restitution order at any time without regard to when information should

have been available for consideration. *Id.*

"A personal representative in the person of the executor or administrator of [the victim's] estate stands in the shoes of the deceased victim as far as entitlement to benefits is concerned." *Commonwealth v. Lebarre*, 961 A.2d 176, 180 (Pa.Super. 2008) (quoting *Freeze v. Donegal Mut. Ins. Co.*, 504 Pa. 218, 224, 470 A.2d 958, 961 (1983)). If the legislature wanted to extinguish a victim's right to benefits upon death, the legislature would have specifically provided this language in the statute. *Id.* "[B]ecause an estate stands in the shoes of the victim under the restitution statute, it is the 'victim' within the meaning of that statute." *Id.* at 181. *See also Hall, supra* (noting court can order restitution payable to crime victim's estate).

In the instant case, Appellant fired gunshots at Victim's vehicle. The shots directly struck Victim. A jury convicted Appellant of multiple crimes related to this shooting, and the court sentenced Appellant to a term of incarceration and ordered Appellant to pay restitution to Victim Ralph Porch, in the amount of $9,975.68, plus future medical expenses. More than thirty years later, the Commonwealth received correspondence from the Trustee of Victim's estate. The Commonwealth filed a petition to change the payee of the restitution aspect of the sentencing order to the Estate of Jean and Ralph Porch, with the Trustee of Francis Porch. The court granted the Commonwealth's petition and changed only the payee of the restitution to

the Estate of Jean and Ralph Porch, with the Trustee of Francis Porch; the court did not alter the amount of restitution.

Here, Victim Ralph Porch suffered personal injury as a direct result of Appellant's crime; and the court correctly awarded restitution. *See* 18 Pa.C.S.A. § 1106(a); 42 Pa.C.S.A. § 9721(c). The court specified the amount of restitution at sentencing as required. *See* 18 Pa.C.S.A. § 1106(c)(2); *Dietrich, supra*. When the court later modified the restitution order to change the name of the payee to the payee's estate, as Section 1106 authorizes, the court explained its decision for the record. *See* 18 Pa.C.S.A. § 1106(c)(3); *Dietrich, supra*. Section 1106 did not require Ralph Porch or his estate to provide the information underlying this modification to the court. According to Section 1106, that information can come from the Commonwealth, based on material submitted to the Commonwealth on behalf of the victim. *See* 18 Pa.C.S.A. § 1106(c)(4). Likewise, Section 1106 does not require a hearing to amend the order of restitution in this manner. *See* 18 Pa.C.S.A. § 1106(c)(3). Thus, the court followed proper procedure when it changed the payee of the original restitution order.

Although the original restitution order did not include Jean Porch, the inclusion of her name in the Estate does not invalidate the amended restitution order. The Estate of Jean and Ralph Porch stands in the shoes of the deceased Victim. *See Lebarre, supra*. As the *bona fide* estate of the

- 11 -

original payee, it does not matter how the estate is nominated. Appellant cites no law to support his contrary contention. Changing the payee to Victim's estate serves the purpose of restitution, which is to repair Victim's injury as far as possible, and nothing in the statute indicates Victim's right to benefits extinguishes upon his death. ***See Solomon, supra***; ***Lebarre, supra***. Furthermore, all payments made to the Estate of Jean and Ralph Porch, together with all previous payments made to Victim Ralph Porch, shall be credited toward the total amount of restitution Appellant was sentenced to pay. Accordingly, we affirm the order changing the payee of restitution from Ralph Porch to the Estate of Jean and Ralph Porch.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2017