J-S04026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS ELLIOT DARROW | : | |
| | : | |
| Appellant | : | No. 674 MDA 2017 |

Appeal from the Order March 21, 2017
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s):  CP-66-CR-0000055-2013

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 29, 2018**

Appellant, Travis Elliot Darrow, appeals from the Order entered on March 21, 2017 in the Wyoming County Court of Common Pleas amending his Judgment of Sentence entered May 8, 2013, to include restitution. Appellant challenges the legality of the Amended Sentencing Order.  After careful review, we vacate the March 21, 2017 Order.

On April 5, 2013, pursuant to a negotiated plea agreement, Appellant pled guilty to one count of aggravated assault in connection with the assault of his 16-month-old daughter in which she suffered a broken arm and bruises to her forehead and cheek.  On May 8, 2013, the court sentenced Appellant to 66 to 130 months' imprisonment.  The court did not impose any restitution.  Appellant did not file post-sentence motions or a direct appeal.

On April 28, 2014, Appellant filed a Petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  On February 9,

2015, through counsel, Appellant filed an Amended PCRA Petition. The PCRA court denied the petition on July 14, 2015. This Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Darrow**, 1415 MDA 2015 (Pa. Super. filed May 27, 2016) (unpublished memorandum), *appeal denied*, 162 A.3d 1115 (Pa. 2016).

On June 10, 2016, three years after the entry of Appellant's Judgment of Sentence, the Commonwealth filed a Motion to Amend Sentencing Order to include restitution. The trial court held a hearing on the Motion on July 15, 2016. On March 21, 2017, the court granted the Motion and ordered that the May 8, 2013 Sentencing Order "be amended to include that [Appellant] is Ordered to pay restitution in the amount of Eighteen Thousand Five Hundred Seventy Seven Dollars and Fifty Seven Cents ($18,577.57) to the Pennsylvania Department of Human Services for payment of medical expenses for the victim for injuries received in this matter." Order, dated 3/21/17, at 1.[1]

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925(b).

Appellant raises the following issue for our review: "Did the trial court illegally amend the Appellant's sentence to include restitution, where the

_____

[1] We note that the trial court's order incorrectly states that the Sentencing Order was dated December 8, 2013. **See id.** The court sentenced Appellant on May 8, 2013.

original sentence did not include an award of restitution which could be subject to amendment, in violation of 18 Pa.C.S.A. §§ 1106(a) & (c) , including their subsections, and 42 Pa.C.S.A. § 5505?"[2] Appellant's Brief at 3.

Our review is governed by the following principles. "[Q]uestions implicating the trial court's power to impose restitution concern the legality of the sentence." *Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa. 2013). "[O]ur standard of review is whether an error of law occurred." *Commonwealth v. Dietrich*, 970 A.2d 1131, 1133 (Pa. 2009). "[O]ur scope of review is plenary." *Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. Super. 2014).

18 Pa.C.S. § 1106 governing restitution provides, in relevant part: "Upon conviction for any crime . . . wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S. § 1106(a). "**At the time of sentencing** the court shall specify the amount and method of restitution." 18 Pa.C.S. § 1106 (c)(2). *See*

---

[2] Section 5505 provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

*Commonwealth v. Dinoia*, 801 A.2d 1254, 1256 (Pa. Super. 2002) (stating "[t]he statute plainly requires the determination of the amount of restitution, if ordered, at the time of sentencing."); *Commonwealth v. Biauce*, 162 A.3d 1133, 1139 (Pa. Super. 2017) (reiterating that the "[t]rial court is required to specify the amount of restitution at sentencing[.]")

If the sentencing court imposes restitution at sentencing, "the court can later modify the restitution as long as the court meets the requirements of Section 1106(c)(3)." *Id.*

In the case *sub judice*, Appellant was sentenced on May 8, 2013. At sentencing, Appellant was not ordered to pay restitution. Nearly three years later, on March 21, 2017, the court entered an order sentencing Appellant to pay restitution. Because the court had not ordered the payment of restitution at the sentencing hearing in 2013, the court erred as a matter of law in ordering Appellant to pay restitution.

Accordingly, we vacate the March 21, 2017 Amended Sentencing Order.

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/29/2018

/