J-S15037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES GRIFFIN | : | |
| | : | |
| Appellant | : | No. 1711 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 15, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001616-2022

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED NOVEMBER 5, 2024**

Appellant, Charles Griffin, appeals from the judgment of sentence following his convictions at a bench trial of theft by unlawful taking, theft by receiving stolen property and terroristic threats.[1] Appellant challenges the sufficiency and weight of the evidence against him and also the court's restitution order. We affirm the judgment of sentence.

The trial court accurately summarized the evidence and its factual findings, as follows:

> In September 2019, Appellant contracted with Mr. Michael Newsome (hereinafter "Complainant") to perform several projects relating to masonry on Appellant's property. Notes of Testimony 11/02/22 at 12. At that time, Complainant had been a union mason for over 30 years. N.T., 11/09/23 at 7. At trial, Complainant testified that his mason work entails building houses

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3921, 3925 and 2706, respectively.

with materials such as bricks, blocks, stones, stucco, concrete, marble, and ceramic tile. N.T., 11 /2/23 at 11.

After completing the first project, Appellant was pleased with Complainant's work and arranged for Complainant to complete additional projects on his property. N.T., 11/09/23 at 7. For these projects, Complainant used his own tools and equipment, such as scaffolding, hand tools, job blocks, and ladders. N.T., 11/2/23 at 15, 48. Complainant testified that due to the unforeseeable nature of masonry projects when buildings are torn down, the surrounding foundation becomes stressed, which could lead to building damage. *Id*. at 13. After completing the second project, a storm occurred which resulted in more stress to the property. *Id*. at 14. Many trees adjacent to Appellant's property fell onto his side of the property where Complainant was set up to complete the projects. *Id*.

As a result, Complainant removed the fallen trees, but then noticed that Appellant's side building was in dire need of attention and more stressed than anticipated. *Id*. at 13. Complainant testified that the wall next door to Appellant's property had dropped, so Complainant needed to put up scaffolding on the front and right side of the building. This would secure the foundation of the building to perform a deeper investigation into the damage of the property. *Id*. at 16. It was at this point Complainant recommended Appellant hire an engineer or an architect to assist with the final job to ensure the building would not collapse in the future. *Id*. at 14, 16. Complainant informed Appellant he would contact an engineer or architect on Appellant's behalf if he wished. N.T., 11/9/23 at 8. Complainant conveyed all of this information to Appellant; however, he did not receive a response from Appellant as to the next course of action until a few weeks later. N.T., 11/2/23 at 16; N.T., 11/9/23 at 8.

When Appellant finally called Complainant back in October 2019, Complainant was in the middle of completing a project for a different client. N.T., 11/2/23 at 17. According to Complainant, Appellant was "irate" and "angry," and he was also "disrespectful" and "curt" with Complainant. *Id*.; N.T., 11/9/23 at 8. Complainant asked Appellant to call him back at a different time because he was working. *Id*. Appellant told Complainant, "I don't need no engineer, I don't need no architect. You just want more money. I am taking all your equipment and keeping it. And if you come into my yard, I will shoot you and your workers." *Id*.; N.T., 11/2/23 at 20. Complainant testified that his son, grandson, and brother

work with him. N.T., 11/2/23 at 21; N.T., 11/9/23 at 8. Complainant recalled a previous time when he worked in Appellant's house, and Appellant was upset that someone had broken into his home. N.T., 11/2/23 at 21; N.T., 11/9/23 at 9. According to Complainant, Appellant then had said, "If he would have seen them or caught whoever was in there, he would shoot to kill all of them mother f*ers." N.T., 11/2/23 at 22.

After being threatened by Appellant, Complainant called the police to file a report. N.T., 11/2/23 at 23; N.T., 11/9/23 at 9. Complainant stated the police conveyed to him that they believed this incident was a civil matter and that they do not handle such incidents. *Id*. Complainant then went to retrieve his tools and equipment from Appellant's property; however, there were three locks preventing Complainant from entering and retrieving his property. N.T., 11/2/23 at 24; N.T., 11/9/23 at 9.

At the end of 2020, Complainant filed a civil complaint against Appellant. *Id*. Complainant stated he served Appellant with the complaint, but Appellant failed to appear at court on the matter. N.T., 11/2/23 at 25; N.T., 11/9/23 at 9. According to Complainant, the civil matter was disposed because the judge ruled Complainant was not a licensed, registered contractor. N.T., 11/2/23 at 26; N.T., 11/9/23 at 9. Complainant did not appeal the decision because of how much money he had already spent on the matter. N.T., 11/2/23 at 26-27.

During this time, Complainant took pictures of his property, which are admitted as C-1, C-2, and C-3. N.T., 11/9/23 at 9-10. Complainant testified that C-1 was a picture of his equipment set up and how he had left it on the property. N.T., 11/2/23 at 32-33. Another picture showed various grass and shrubbery that had grown around his equipment demonstrating the length in time he was locked out of the property, which prevented him from retrieving his tools and equipment. *Id*. Several months later, Complainant drove pas[t] Appellant's property and took another picture. *Id*. at 37. Complainant believed his tools and equipment were being used because dirt had been moved on Appellant's property suggesting someone was using his equipment to do so. *Id*.

Complainant testified that the equipment he used on Appellant's property are heirlooms, passed down from his father and grandfather. *Id*. at 10, 46. He testified to using scaffolding equipment and other tools, such as a chop saw and grinders. *Id*.

at 52. Complainant testified that the ladders were worth approximately $2,000 each and that other tools were worth approximately $10,000. *Id*. at 41. Complainant stated the total was approximately $20,000 based on a quotation from a company renting equipment. *Id*.

Complainant stated he attempted to call Appellant to retrieve his property, but to no avail. *Id*. at 51. The court with jurisdiction over the civil matter ordered that an independent administrator go to the property with Complainant and Appellant. *Id*. at 52. Complainant was permitted to enter Appellant's property where he took photos of the then current state of all of his equipment. *Id*. According to Complainant, a lot of his property was missing from Appellant's property. Complainant saw that some of his property was left in a community garden next door to Appellant's property. *Id*. at 55. He testified that he did not retrieve his property at this time because some of it was missing, some expensive items were taken out of place, and some items were thrown around the property. *Id*.

Two character witnesses testified on Appellant's behalf. Richard Alston, a character witness who lives two houses away from Appellant, testified that Appellant was a "friendly neighbor." *Id*. at 95-96. On cross examination, Mr. Alston could not testify as to whether he knew if Appellant possessed firearms. N.T., 11/2/23 at 97; N.T., 11/9/23 at 12. Mr. Alston testified to Appellant's reputation for peacefulness, no incidents of drunkenness, and that Appellant is a "trusted" and "honest individual." N.T., 11/2/23 at 96. Another character witness, John Robert Stewart, testified and stated he worked with Appellant many years ago in 1973, but had not worked with him in recent years. N.T., 11/2/23 at 99; N.T., 11/9/23 at 12.

Trial Court Opinion, 1-5.

On February 15, 2022, Appellant was arrested and charged. On November 2, 2022, he waived his right to a jury and was tried before the Honorable Tamika N. Washington. The court held its decision under advisement and announced its verdict on November 9, 2022. Finding that Appellant threatened Mr. Newsome and that he locked out Mr. Newsome from

retrieving his property with no intent to return it, the court found Appellant guilty of all crimes charged. N.T. 11/9/22 – Decision, 12-13. On February 15, 2023, the court imposed sentence: concurrent terms of nine months' telephone reporting probation for each offense and $7,500 restitution. Appellant filed a timely post-sentence motion on February 24, 2023, which included, *inter alia*, arguments that Appellant's convictions were contrary to the weight of the evidence and that restitution was excessive. Appellant's Post Sentence Motion 2/24/23, 5-10. The motion was denied by operation of law in an order dated and entered on the docket on June 26, 2023. Appellant filed a timely notice of appeal on June 29, 2023. The trial court ordered Appellant to file a Rule 1925(b) statement, which was timely filed and raised three claims of error.

In his brief, Appellant asserts three questions for review:

1. Was the evidence insufficient to prove beyond a reasonable doubt that [Appellant] stole goods worth over $ 2,000 where the value of the goods was not established at trial? …

2. Did the lower court abuse its discretion when it sentenced [Appellant] to pay $7,500 in restitution where that amount was impermissibly speculative? …

3. Did the lower court abuse its discretion when it denied [Appellant's] post-sentence motion for a new trial where the verdict was so against the weight of the evidence as to shock the conscience?

Appellant's Brief, 3.

When reviewing a sufficiency claim, we construe "all the evidence admitted at trial in the light most favorable to the verdict winner," and the

evidence is legally sufficient when it would "enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Brockman**, 167 A.3d 29, 38 (Pa. Super. 2017). The Commonwealth may prove an offense by means of wholly circumstantial evidence, and the evidence presented "need not preclude every possibility of innocence." **Id**. It is the job of the finder of fact to pass upon "the credibility of witnesses and the weight of the evidence produced," and the fact-finder "is free to believe all, part or none of the evidence." **Id**.

Appellant challenges the sufficiency of the evidence only with respect to the grading of the theft offenses. Appellant's Brief, 17. A theft offense is a felony of the third degree, *inter alia*, "if the amount involved exceeds $2,000," and, as here, does not meet the requirements for grading the crime as a felony of the first or second degree. 18 Pa.C.S. § 3903(a.1). Under the statute, "value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime." 18 Pa. C.S. § 3903(c)(1). The valuation of the property does not have to be precisely determined; the finder of fact need only have enough evidence to determine that the value of the property is above a certain amount, here $2000. **Commonwealth v. Reiss**, 655 A.2d 163, 168 (Pa. Super. 1995).[2] "When the

_____

[2] **See Commonwealth v. Nellom**, 234 A.3d 695, 705 & n.8 (Pa. Super. 2020) (applying **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and holding
*(Footnote Continued Next Page)*

value of property cannot be satisfactorily ascertained pursuant to the standards set forth in … this subsection its value shall be deemed to be an amount less than $50." 18 Pa.C.S. § 3903(c)(3). Thus, where the Commonwealth fails to offer adequate evidence of the valuation of the property, and the property was not taken from the person or by threat, the offense must be graded as a misdemeanor of the third degree. 18 Pa.C.S. § 3903(b); **Commonwealth v. Goins**, 867 A.2d 526, 529 (Pa. Super. 2004).

Appellant argues that the estimate proffered by the Commonwealth to replace Mr. Newsome's equipment was not admitted into evidence. Appellant's Brief, 17-18. Appellant is correct with respect to the proffered estimates from two providers for the rental of equipment to replace the property taken. **See** N.T. 11/2/22 – Trial, 40-41; N.T. 11/9/22 - Decision, 10.[3] However, Mr. Newsome also testified to the value of the property, to which Appellant did not object and the trial court did not exclude.

_____

that finder of fact had to determine that value of theft exceeded statutory requirements to support legality of the grading).

[3] At trial the court admitted the proffered estimates pending a determination after hearing all of the evidence. N.T. 11/2/22 – Trial, 45 ("I will hear the rest of the evidence. I will decide at the end if I'm going to review it or not"). In announcing its decision, the court stated that it had not admitted the estimates. N.T. 11/9/22 – Decision, 10 ("There was a quotation for rental property that was not admitted"). Appellant's argument to exclude the estimate was based on relevance because it did not reflect the value of Mr. Newsome's property but the cost of renting other property to replace the items taken. **See** N.T. 11/2/22 – Trial, 42, 44. The statute plainly states that if the market value cannot be ascertained, as here, then "the cost of replacement of the property within a reasonable time after the crime" would satisfy the requirement. 18 Pa.C.S. § 3903(c)(1).

The testimony of someone familiar with stolen equipment and its costs can be sufficient for a factfinder to determine the value exceeds a statutory amount. ***Commonwealth v. Reiss***, 655 A.2d 163, 168 (Pa. Super. 1995). Mr. Newsome was an experienced mason and well familiar with his equipment. N.T. 11/2/22, 11, 14. He testified that his scaffolding was worth "$10,000" and that the ladders' value "was at $2,000." N.T. 11/2/22 – Trial, 48. Mr. Newsome also testified he had "hand tools and a job box" but did not specify a value for those items. ***Id***. Photographs depicting the equipment held by Appellant also were admitted into evidence. ***Id***., 33-37; Ex. C-1, C-2, C-3; N.T. 11/9/22 - Decision, 9-10. In rendering its decision, the trial court could rely on this evidence to determine the value of the equipment was approximately $12,000. N.T. 11/9/22, 10. This was amply sufficient to determine that the total value of the property taken by Appellant exceeded $2,000.

Next, Appellant argues that the trial court abused its sentencing discretion by ordering Appellant to pay restitution in the amount of $7,500 to Mr. Newsome. Appellant's Brief, 20-21. Sentences of restitution are within the sound discretion of the trial court. ***Commonwealth v. Weir***, 239 A.3d 25, 38 (Pa. 2020).

"Challenges to the discretionary aspects of sentence are not appealable as of right." ***Commonwealth v. Miller***, 275 A.3d 530, 534 (Pa. Super. 2022), ***appeal denied***, 302 A.2d 626 (Pa. 2023).  Rather, an appellant must invoke this Court's jurisdiction by not only timely filing an appeal, properly preserving

the issue, and including a Pa.R.A.P. 2119(f) Statement in a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of a sentence, but also must present a substantial question that the sentence appealed from is not appropriate under the Sentencing Code or sentencing norms. *Id.* Appellant complied with the first three requirements. Thus, we turn to the Rule 2119(f) statement to determine whether Appellant raised a substantial question.

We determine whether a substantial question is raised on a case-by-case basis. ***Commonwealth v. Crawford***, 257 A.3d 75, 78 (Pa. Super. 2021). "We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Id.* at 78-79 (*quoting* ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018)) (brackets omitted). A substantial question is presented where:

> … an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

***Commonwealth v. Mastromarino***, 2 A.3d 581, 585–586 (Pa. Super. 2010) (*quoting* ***Commonwealth v. Bullock***, 948 A.2d 818, 826 n.6 (Pa. Super. 2008)) (citation omitted).

Appellant argues that the amount of restitution was imposed "without any factual basis for that amount, rendering the restitution award impermissibly speculative." Appellant's Brief, 13-14. He argues further that the court rejected the Commonwealth's renewed proffer of the $20,000 estimate to rent equipment to replace the stolen property "as speculative" and that the Commonwealth presented no other evidence of Mr. Newsome's "loss." Appellant's Brief, 14. We find that the allegation that the amount of restitution was not supported by the evidence forwards a substantial question for our review. *Commonwealth v. Solomon*, 247 A.3d 1163, 1167-68 (Pa. Super. 2021) (*en banc*).

In addition to all other sentencing options available to the trial court, it "shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained." 42 Pa.C.S. § 9721. Restitution is specifically authorized whenever the "property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime." 18 Pa.C.S. § 1106(a)(1). In determining the amount of restitution, the court must consider, "the extent of the injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate." *Id*. at 1106(c)(2)(i). To determine the correct amount of restitution, a "but-for" test is used—damages which occur as a direct result of the crime are those which should not have occurred but for the defendant's criminal conduct. *Commonwealth v.*

- 10 -

*Gerulis,* 616 A.2d 686, 697 (Pa. Super. 1992). "An order of restitution is a sentence, thus, the amount awarded is within the sound discretion of the trial court and must be supported by the record." *Commonwealth v. Biauce*, 162 A.3d 1133, 1138 (Pa. Super. 2017) (cleaned up).

A restitution order that is speculative or excessive or is "not supported by the record" is an abuse of a sentencing court's discretion. *Solomon*, 247 A.3d at 1168. Conversely, if there is a "direct nexus" between the crime and the award of restitution, and some evidentiary support for the amount, then there is no abuse of discretion, because restitution compensates for a loss caused by a defendant's criminal conduct. *Id*. at 1172.

After imposing concurrent probationary terms on Appellant's convictions, the trial court determined an appropriate restitution order. Mr. Newsome testified he had been without his equipment for years and was unable to take some jobs that he needed to provide for his family. N.T. 2/15/22 - Sentencing, 18. Some of the equipment taken by Appellant appeared to have been taken from the work site, and so could not simply be returned to Mr. Newsome. *Id*., 19. Of the equipment still on site, some of it was rusted. *Id*. The estimates for the rental of equipment to replace that taken by Appellant, which had been excluded at trial, were admitted for sentencing purposes. *Id*., 27-31. One of the estimates was for scaffolding and the other for equipment. The total was $20,000, but the separate estimates were each at or slightly above $9,000. *Id*., 31. In addition, the trial court had

- 11 -

photographs depicting the large amount of property taken by Appellant and the lesser amount remaining on the property. *Id*., 32.

The trial court found there was "some loss here," but did not believe it amounted to the $20,000 replacement cost. N.T. 2/15/23 – Sentencing, 31. The sentencing court was obligated by Section 1106 to enter a restitution order, but it also recognized that it "lacked information when fashioning a restitution award." Trial Court Opinion, 13-14. Nonetheless, it "appropriately utilized some of the evidence presented at trial." *Id*., 14. The court arrived at $7,500 based primarily on the photographs of the equipment that could be retrieved and its order that Mr. Newsome be allowed to retrieve that equipment. N.T. 2/15/23 – Sentencing, 32-33. It thus reduced the amount of requested restitution by an amount meant to reflect the equipment that could still be retrieved.

A court may base restitution on the testimony of the victim as to the value of the stolen property. **Commonwealth v. Rush**, 909 A.2d 805, 810 (Pa. Super. 2006). It need not accept or believe all of the testimony of any witness. **Commonwealth v. Smith**, 97 A.3d 782, 788 (Pa. Super. 2014) (finder of fact is free "to reject or accept all, part or none of the testimony of any witness"). It is not an abuse of discretion to reduce a restitution order based on a partial disbelief of the victim's testimony as to an approximate loss. **See Weir**, 239 A.3d at 27 (ordering restitution is mandatory where the statute requires, but the amount is discretionary with the court based on the

factors it deems appropriate, citing 18 Pa.C.S. § 1106(c)(2)(i), including reducing the amount to be paid from that requested).

Even though the reduction benefited Appellant, he argues that this is "without any factual basis." Appellant's Brief, 21. To the contrary, the court based the amount on its belief that Mr. Newsome would be able retrieve some of the equipment taken by Appellant, but not all. It thus awarded an additional amount to make Mr. Newsome whole for the missing equipment. **Weir**, 239 A.3d at 38 ("A plain reading of Section 1106(c)(1) makes clear that 'full compensation' means that the amount is to be determined based on the victim's loss without regard to the defendant's resources or collateral sources of payment"). That the amount was substantially less than Mr. Newsome requested did not make it unsupported by the evidence. Rather, it was a reasonable accommodation by the court to the statutory requirement of compensatory restitution and the available evidence. The deprivation of his property over years, the impossibility of recovering all of it, and the rough estimates of the cost of temporary replacement through rental, all demonstrate that the amount of restitution ordered had a direct nexus to Appellant's criminal conduct.

Appellant also challenges the trial court's denial of a new trial based on his challenge to the weight of the evidence. Appellant argued before the trial court that Mr. Newsome's description of the "threatening phone call changed over time to bolster his allegations." Post Sentence Motion, 2/24/23, 5; Trial Court Record, 124. He also argued that there was "nothing on the record to

demonstrate that [he] intended to deprive [Mr. Newsome] of his property other than [Mr. Newsome's] testimony," and that he presented evidence of his good character. Post Sentence Motion, 2/24/23, 6; Trial Court Record, 125. He argued that conviction "would require blind faith in the testimony of one individual, [Mr. Newsome], who showed himself to be unreliable and contradictory during his testimony." Post Sentence Motion, 2/24/23, 7; Trial Court Record, 126. The trial court denied Appellant's motion because it "determined [Mr. Newsome] to be credible when testifying" and his testimony "established Appellant's guilt." Trial Court Opinion, 11.

"An allegation [raised in a motion for a new trial] that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "In order for a defendant to prevail on a challenge to the weight of the evidence, 'the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.'" *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa. Super. 2015) (quoting *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003)). A trial court's denial of a motion "based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 880 (Pa. 2008).

"An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). It "*is a review of the exercise of discretion, not of the underlying question of*

*whether the verdict is against the weight of the evidence."* ***Id***. (emphasis included) (quoting ***Widmer***, 744 A.2d at 753). This Court must limit review to "whether the trial court abused its discretion by reaching a manifestly unreasonable judgment, misapplying the law, or basing its decision on partiality, prejudice, bias, or ill-will." ***Id.*** at 1056.

"It is well settled that the [finder of fact] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Tejada***, 107 A.3d 788, 795–96 (Pa. Super. 2015). The trial court explained that it found Mr. Newsome's testimony credible "and believed Appellant did indeed make a threat to" him. Trial Court Opinion, 11. In addition, the trial court explained that Mr. Newsome "credibly testified to the fact that his tools and equipment were left on Appellant's property, where he was unable to then retrieve them because Appellant locked and fenced the property to prevent Complainant from entering the property" and that there "was no testimony at trial presented that Appellant intended to restore [Mr. Newsome] of his property." ***Id***. Thus, "reasonable inferences support a finding that Appellant committed all three charges." ***Id***. It concluded that "its verdict did not shock the judicial conscience and was adequately supported by the weight of the evidence." ***Id***. We affirm because the trial court's ruling is reasonable and supported by the evidence, and far from an abuse of discretion. ***Commonwealth v. Rice***, 902 A.2d 542, 547 (Pa. Super. 2006) (where trial court's "conclusions are logical and supported by evidence of

record" then it "did not commit a palpable abuse of discretion" by rejecting a weight claim).

Appellant asks this Court to substitute his evaluation of Mr. Newsome's credibility for that of the trial court by claiming that his testimony "was so inconsistent and illogical that any reasonable factfinder would have found it incredible." Appellant's Brief, 23.[4] This we cannot do. It would be reversible error for this Court to "step[…] into the shoes of the trial judge and revisit[…] the underlying question of whether the verdict was against the weight of the evidence." *Clay*, 64 A.3d at 1056. Moreover, all the alleged inconsistencies and contradictions listed on appeal, Appellant's Brief, 23-28, were brought to the attention of the trial court, which as the factfinder was the final arbiter of credibility and weight. *See Commonwealth v. Small*, 741 A.2d 666, 673 (Pa. 1999) (where "all of the matters complained of by appellant … were issues argued by appellant's counsel during trial and were properly weighed and rejected by the jury before it reached its verdict" then appellate weight claim fails).

Accordingly, we affirm the judgment of sentence.

_____

[4] Similarly, Appellant faults the trial court for failing to defer to his judgment of his character witnesses. But the credibility of their testimony and the proper weight to afford it was a matter that only the judge before whom they appeared could properly assess. *See Commonwealth v. Price*, 616 A.2d 681, 685 (Pa. Super. 1992) ("The factfinder, after considering character evidence, may weigh it as it sees fit"). We note also that the evidence admitted without objection from the Commonwealth was not proper testimony about his reputation in the community, as required by Pa.R.E. 404(a)(2)(A), but the personal opinion of the two witnesses about Appellant. *See* N.T. 11/2/22 – Trial, 96-97, 100-101.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/5/2024